**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6476**

MICHAEL LEE GREENE,

Plaintiff - Appellant,

v.

KEVIN R. MULLIS, formerly Chief of Police of the Town of Lilesville, in his Official Capacity as the Chief of Police of the Lilesville Police Department at the times relevant to the matters complained of herein; TOWN OF LILESVILLE, NC, an incorporated municipality within the State of North Carolina; KEVIN R. MULLIS, in his Individual Capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:17-cv-00638-RJC-DSC)

Submitted: September 30, 2020                    Decided: November 17, 2020

Before AGEE and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Michael Lee Greene, Appellant Pro Se. Sean Francis Perrin, WOMBLE BOND DICKINSON (US) LLP, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Greene, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge in part and dismissing Greene's second amended complaint filed under 42 U.S.C. § 1983 and North Carolina law pursuant to Fed. R. Civ. P. 12(b)(6). Greene sued the Town of Lilesville, North Carolina ("Lilesville"), and its former chief of police, Kevin Mullis (collectively, "Defendants"). Greene alleged that he was a victim of false arrest, false imprisonment, malicious and unlawful prosecution, abuse of process, and negligent hiring and supervision. We affirm in part, vacate in part, and remand for further proceedings.

We review de novo the dismissal of a complaint for failure to state a claim. *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 905 (2020). At this stage, we accept Greene's well-pleaded factual assertions as true and draw all reasonable inferences in his favor. *Id.* We may also consider authentic, relevant documents attached to the complaint and the motion to dismiss, and take judicial notice of matters of public record, including court orders and filings in Greene's prior cases. *See Massey v. Ojaniit*, 759 F.3d 343, 352-53 (4th Cir. 2014) (applying Rule 12(b)(6) standard when reviewing dismissal under Fed. R. Civ. P. 12(c)); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive Defendants' Rule 12(b)(6) motions, Greene must state a plausible claim for relief. *Turner*, 930 F.3d at 644.

We have reviewed the record and find no reversible error in the district court's dismissal of Greene's claims against Mullis in his official capacity, his claims of false arrest and false imprisonment, his claims of malicious and unlawful prosecution relating to the

2

state charges dismissed before he filed his first § 1983 suit in February 2011, and his *Monell*[1] claim to the extent it is predicated on his claims of false arrest and false imprisonment.[2] We therefore affirm these portions of the dismissal order for the reasons stated by the district court. *Greene v. Mullis*, No. 3:17-cv-00638-RJC-DSC (W.D.N.C. Mar. 21, 2019).

Turning to Greene's malicious and unlawful prosecution claims that relate to his conviction for possession of drug paraphernalia, we agree with Greene that res judicata does not bar those claims.[3] *See Heck v. Humphrey*, 512 U.S. 477, 484-90 (1984); *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012); *Turner v. Thomas*, 794 S.E.2d 439, 444 (N.C. 2016). Here, the state court granted Greene's motion for appropriate relief and vacated his conviction for possession of drug paraphernalia in 2016. Because the vacatur occurred after Greene's first § 1983 suit, res judicata does not prohibit Greene from bringing new and distinct claims of malicious and unlawful prosecution relating to that conviction. *See Whole Women's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305-06 (2016). Therefore, we vacate this portion of the district court's order and remand for further proceedings.

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[2] Although Greene purports to argue that the district court erroneously dismissed both his North Carolina abuse of process claim and his *Monell* claim as untimely, his informal brief substantively addresses only his *Monell* claim. Therefore, he has forfeited any challenge to the district court's dismissal of his abuse of process claim. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

[3] Greene's claim of unlawful prosecution in violation of § 1983 is duplicative of his § 1983 malicious prosecution claim.

3

Finally, Greene contends that the district court erroneously determined his *Monell* claim against Lilesville, for its alleged failures in hiring, training, and supervising Mullis, was untimely. Because the *Monell* claim relating to the conviction for possession of drug paraphernalia did not accrue until the state court vacated that conviction in 2016, we conclude that this portion of the claim is timely. We therefore vacate the district court's order dismissing Greene's *Monell* claim, to the extent it is predicated on his malicious and unlawful prosecution claims, and remand for further proceedings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

4